UNITED STATES DISTRICT COURT FILED OFFICE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 2: 2b

05 - 11877 REK

U.S. DISTRICT COURT
DISTRICT OF MASS.

AALAELDIN KHIRAWI )
)
Plaintiff )
)
)
v. )
)                          MAGISTRATE JUDGE Dein    RECEIPT # 66940
)                                                   AMOUNT $250
GETRONICS WANG CO., LLC )                           SUMMONS ISSUED 4
a/k/a and d/b/a GETRONICS )                         LOCAL RULE 4.1
)                                                   WAIVER FORM
Defendants )                                        MCF ISSUED
)                                                   BY DPTY. CLK. om
                                                    DATE 9/16/05

**COMPLAINT AND JURY CLAIM**

NOW COMES Aalaeldin Khirawi, the plaintiff in the above-entitled action, and hereby

states as follows:

**STATEMENT OF SUBJECT MATTER JURISDICTION**

1.      This is a civil rights action based on unlawful retaliation resulting from a complaint of

discrimination.

2.      The unlawful retaliation was perpetrated by the employer against its employee in

violation of the Civil Rights Act, 42 U.S.C. 2000e, et seq., and in violation of M.G.L. Chapter

151B, §1, et seq.

3.      The unlawful practices were committed in the Federal District of Massachusetts, this

Court's judicial district.

4.      This Court has jurisdiction of this matter pursuant to the provisions of 42 U.S.C. 2000e-

5(f)(3) and 28 U.S.C. 1331.

5.     Plaintiff has asserted claims and requests for relief pursuant to Massachusetts law that

arise from the same facts and circumstances as Plaintiff's claims and requests for relief pursuant

to Federal law.

6.     The Court has Supplemental Jurisdiction of Plaintiff's state law claims pursuant to 28

U.S.C. 1367.

## PARTIES

7.     The Plaintiff in this action is Aalaeldin Khirawi, an individual, and a United States citizen

now or formerly residing at 16 Chase Avenue, Manchester, New Hampshire.

8.     Defendant Getronics Wang Co. LLC, a/k/a and d/b/a Getronics ("Getronics") is a duly

organized, limited liability company registered to do business within the Commonwealth of

Massachusetts, and is an employer as defined by 42 U.S.C. 2000e and Massachusetts General

Laws Chapter 151B, Section 1, now or formerly having a usual place of business located at 836

North Street, Tewksbury, Middlesex County, Massachusetts and at 290 Concord Road, Billerica,

Massachusetts, and having an agent for service of process of CT Corporation Systems, 101 Federal

Street, Boston, Massachusetts , which at all times relevant to this Complaint had more than fifteen

employees.

9.     At all times relevant to this Complaint, Plaintiff was an employee of Defendant Getronics.

## FACTS COMMON TO ALL COUNTS

10. At all times during his employment with Getronics, Plaintiff was qualified for the position and capacity in which he was employed.

11. At all times relevant to this Complaint, Getronics had an obligation and duty to provide the plaintiff with a work place free from discrimination and retaliation.

12. Plaintiff worked for Getronics in a temporary capacity for approximately 18 months, until he was hired as permanently.

13. Plaintiff's employment experience and work evaluations with Getronics were both positive prior to his complaints of discrimination.

14. During the year 2003, Plaintiff applied for an internal promotion and was given the title of Quality Assurance Representative and promised an increase in salary to $38,000 - $40,000.

15. Plaintiff never received the promised increase in salary.

16. When Plaintiff inquired about Getronics' failure to increase his salary, his immediate supervisor advised him that the decision was based on his race.

17. In late 2003, Plaintiff did receive an increase in salary to $36,000, less than the promised increase.

18. When Getronics failed to increase his salary as promised, and when it became clear to Plaintiff that Getronics was treating him different because of his race, Plaintiff lodged an internal complaint of discrimination.

19. Getronics retaliated against Plaintiff because of his internal complaints of discrimination, and repeatedly gave him warnings and threatened his employment if he continued to assert his claims of discrimination.

20.    Getronics repeatedly subjected Plaintiff to unwarranted disciplinary action, including a written warning on the same day that his supervisor gave him a positive performance evaluation.

21.    When Getronics failed to adequately respond to his internal complaint of discrimination, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 10, 2004.

22.    The EEOC issued its initial decision on October 8, 2004.

23.    Getronics fired Plaintiff on October 26, 2004, effective October 27, 2004. The respondent's termination letter referenced a written warning dated October 26, 2004, which warning referenced alleged performance issues in September 2004 (prior to the EEOC's notice of action) as alleged justification for the termination.

24.    Getronics' articulated reasons for Plaintiff's termination are false and a pretext for retaliation against Plaintiff because of his internal and EEOC complaints of discrimination and other activity protected under M.G.L. Chapter 151B and Title VII.

25.    Getronics' retaliatory conduct was ongoing and continuous until his termination on October 27, 2004.

26.    On or about April 11, 2005, Plaintiff filed a Complaint and Charge of Retaliation against Getronics with the Massachusetts Commission Against Discrimination, which was duly cross-filed with the Equal Employment Opportunities Commission.

27.    In the Complaint filed with the Massachusetts Commission Against Discrimination and cross-filed with the Equal Employment Opportunities Commission, Plaintiff alleged that Getronics terminated his employment and otherwise subjected him negative unwarranted treatment in retaliation for his protected activity.

28.    Pursuant to its work-sharing agreement with the Equal Employment Opportunities Commission, the Massachusetts Commission Against Discrimination investigated Plaintiff's Complaint of discrimination against Getronics.

29.    On or about July 20, 2005, the Equal Employment Opportunities Commission issued the Plaintiff a Notice of Right to Sue authorizing him to file the instant civil action.

## COUNT I - RETALIATION IN VIOLATION OF THE CIVIL RIGHTS ACT

30.    Plaintiff restates, realleges and incorporates by reference herein allegations one through twenty nine of this Complaint.

31.    Getronics unlawfully retaliated against the plaintiff because of and on account of his protected activity under the Civil Rights Act, 42 U.S.C. 2000e, et seq., as amended.

32.    As a direct and proximate result of Getronics unlawful retaliation, in violation of the Civil Rights Act, 42 U.S.C. 2000e, et seq., as amended, Plaintiff has incurred and continues to incur substantial loss of salary, earnings and wages, earning capacity and fringe benefits, has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as he will show at trial.

33.    Plaintiff complied with the requirement(s) of 42 U.S.C. 2000e-5(e)(1) when he properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination, said Complaint which was cross-filed with the Equal Employment Opportunities Commission, said complaint alleging that Getronics subjected him to unlawful retaliation.

34.    Plaintiff has duly, properly and in a timely manner notified the Equal Employment Opportunities Commission of his intention to file this Complaint and to seek relief in this Court.

35.    The Equal Employment Opportunities Commission has issued Plaintiff a Notice of his Right to Sue that authorizes Plaintiff to bring this private civil action against Getronics.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Getronics and:

a. Declare that Getronics' conduct violated the Civil Rights Act, 42 U.S.C. 2000e, et seq.;

b. Enjoin Getronics from subjecting Plaintiff to further discrimination and retaliation;

c. Issue a mandatory injunction compelling Getronics to provide training to its employees, officers and agents, designed to eliminate, prevent and reduce discrimination and retaliation;

d. Award Plaintiff compensatory damages in the amount of $1,500,000.00;

e. Award Plaintiff multiple damages;

f. Award Plaintiff punitive damages;

g. Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action;

h. Issue such other relief as the Court deems just and proper.

**COUNT II – RETALIATION IN VIOLATION OF M.G.L. CHAPTER 151B, SECTION 4**

36.    Plaintiff restates, realleges and incorporates by reference herein allegations one through thirty five of this Complaint.

37.    Getronics unlawfully retaliated against the plaintiff because of and on account of his protected activity under the Massachusetts General Laws Chapter 151B, Section 4.

38.    As a direct and proximate result of Getronics' unlawful retaliation in violation of M.G.L. Chapter 151B, Section 4, Plaintiff has incurred and continues to incur substantial loss of wages, salary and earnings, earning capacity and fringe benefits, has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as he will show at trial.

39.    Plaintiff complied with the requirement(s) of Massachusetts General Laws Chapter 151B, Section 5 when he properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination, said complaint alleging that Getronics subjected him to unlawful retaliation.

40.    More than ninety days have passed since Plaintiff filed a Complaint with the Massachusetts Commission Against Discrimination.

41.    The Massachusetts Commission Against Discrimination has authorized the plaintiff to bring this private cause of action.

42.    Massachusetts General Laws Chapter 151B, Section 9 authorizes Plaintiff to bring this private civil action against Getronics.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Getronics and:

a.    Declare that Getronics' conduct violated Massachusetts General Laws Chapter 151B, Section 4, as amended;

b.    Enjoin Getronics from subjecting Plaintiff to discrimination and retaliation;

c.    Issue a mandatory injunction compelling Getronics to provide training to its agents, employees and officers designed to eliminate, prevent and reduce discrimination and retaliation;

d.    Award Plaintiff compensatory damages in the amount of $1,500,000.00;

e.    Award Plaintiff multiple damages;

f.    Award Plaintiff punitive damages;

g.    Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action;

h.    Issue such other relief as the Court deems just and proper.

## PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE

Respectfully submitted,
For the plaintiff,

Sol J. Cohen
BBO # 630776
COHEN & SALES
43 Thorndike Street
Cambridge, MA 02141
(617) 621-1151

8

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Aalaeldin Khirawi

## DEFENDANTS
Getronics Wang Co., LLC, d/b/a Getronics

**(b)** County of Residence of First Listed Plaintiff (New Hampshire)
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Middlesex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Sol J. Cohen, Cohen & Sales, 43 Thorndike St., Cambridge, MA 02141, 617-621-1151

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 2000e

Brief description of cause:
Unlawful termination of employment in retaliation for protected activity under discrimination statutes

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 1,500,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 9/14/05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. **Title of case (name of first party on each side only)**          Khirawi v. Getronics Wang Co., LLC, d/b/a Getronics

2. **Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.** (See local rule 40.1(a)(1)).

   ___   I.      160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_   II.     195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
                 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ___   III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                 380, 385, 450, 891.

   ___   IV.     220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
                 690, 810, 861-865, 870, 871, 875, 900.

   ___   V.      150, 152, 153.

3. **Title and number, if any, of related cases.** (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

          None.

4. **Has a prior action between the same parties and based on the same claim ever been filed in this court?**

                                              YES ☐          NO ☑

5. **Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?**   (See 28 USC §2403)

                                              YES ☐          NO ☑

   **If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?**

                                              YES ☐          NO ☐

6. **Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?**

                                              YES ☐          NO ☑

7. **Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division?** - (See Local Rule 40.1(d)).

                                              YES ☑          NO ☐

   A.      If yes, in which division do all of the non-governmental parties reside?

           Eastern Division ☑          Central Division ☐          Western Division ☐

   B.      If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

           Eastern Division ☐          Central Division ☐          Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                              YES ☐          NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME        Sol J. Cohen, Cohen & Sales

ADDRESS   43 Thorndike St., Cambridge, MA 02141

TELEPHONE NO.     617-621-1151

(Coversheetlocal05.wpd - 2/15/05)