UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AALAELDIN KHIRAWI,<br>   Plaintiff<br><br>v.<br><br>GETRONICS WANG CO., LLC,<br>a/k/a/ and d/b/a GETRONICS,<br>   Defendants | CIVIL ACTION NO. 05-11877REK |

## ANSWER AND AFFIRMATIVE DEFENSES
## OF GETRONICS WANG CO., LLC A/K/A AND D/B/A GETRONICS

Defendant Getronics Wang Co., LLC a/k/a and d/b/a Getronics ("Defendant") answers the like-numbered paragraphs of Plaintiff's Complaint as follows:

1. The allegations contained in paragraph 1 contain conclusions of law and require no answer. To the extent an answer is required, it is denied.

2. The allegations contained in paragraph 2 contain conclusions of law and require no answer. To the extent an answer is required, it is denied.

3. Defendant denies the allegations contained in paragraph 3.

4. The allegations contained in paragraph 4 contain conclusions of law and require no answer. To the extent an answer is required, it is denied.

5. The allegations contained in paragraph 5 contain conclusions of law and require no answer. To the extent an answer is required, it is denied.

6. The allegations contained in paragraph 6 contain conclusions of law and require no answer. To the extent an answer is required, it is denied.

## **PARTIES**

7.  Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 7 and therefore leaves Plaintiff to his proof.

8.  Defendant admits that it has a usual place of business located at 836 North Street, Tewksbury, Middlesex County, Massachusetts. Further answering, Defendant states it also has a usual place of business at 290 Concord Road, Billerica, Middlesex County, Massachusetts. Defendant admits the remaining allegations contained in paragraph 8.

9.  Defendant denies the allegations in paragraph 9.

## **FACTS COMMON TO ALL COUNTS**

10. Defendant denies the allegations in paragraph 10.

11. Defendant admits the allegation in paragraph 11.

12. Defendant admits so much of this paragraph as alleges that Plaintiff was assigned to Defendant by his employer at the time, Tech Aid, prior to being hired by Defendant on or about August 28, 2000. Defendant denies the remaining allegations contained in paragraph 12.

13. Defendant admits so much of this paragraph as alleges that Plaintiff was given positive performance evaluations at Getronics. Defendant denies the remaining allegations contained in paragraph 13.

14. Defendant admits so much of this paragraph as alleges that in 2003 Plaintiff applied for an internal position and was promoted to Quality Assurance Representative. Defendant denies the remaining allegations contained in paragraph 14.

15. Defendant denies the allegations contained in paragraph 15.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant admits so much of this paragraph as alleges that in 2003 Plaintiff's yearly salary was increased to $36,000. Defendant denies the remaining allegations contained in paragraph 17.

18. Defendant admits so much of this paragraph as alleges that Plaintiff made an internal complaint of alleged discrimination. Defendant denies the remaining allegations contained in paragraph 18.

19. Defendant admits so much of this paragraph as alleges that it gave Plaintiff warnings and indicated to him that his employment was in jeopardy as a result of his inappropriate behavior. To the extent this paragraph purports to allege otherwise, it is denied.

20. Defendant admits so much of this paragraph as alleges that it gave Plaintiff a written warning at or about the same time that Plaintiff received a performance evaluation from his supervisor. Defendant denies the remaining allegations contained in paragraph 20. To the extent this paragraph purports to allege otherwise, it is denied.

21. Defendant is without sufficient knowledge to admit or deny the allegation that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on June 10, 2004, and therefore leaves Plaintiff to his proof regarding this allegation. Defendant denies the remaining allegations contained in paragraph 21.

22. Defendant admits the allegations contained in paragraph 22.

23. Defendant admits so much of this paragraph as alleges that it terminated Plaintiff's employment on October 26, 2004, effective October 27, 2004. Defendant further admits that the documents referenced speak for themselves. To the extent this paragraph purports to allege otherwise, it is denied.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25.

26. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 26 and therefore leaves Plaintiff to his proof.

27. Defendant states that the document referenced speaks for itself.

28. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 28 and therefore leaves Plaintiff to his proof.

29. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 29 and therefore leaves Plaintiff to his proof.

## COUNT I

30. Defendant restates and incorporates by reference its responses to paragraphs 1 through 29 herein.

31. Defendant denies the allegations contained in paragraph 31.

32. Defendant denies the allegations contained in paragraph 32.

33. The allegations contained in paragraph 33 contain conclusions of law and require no answer. To the extent an answer is required, it is denied.

34. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 34 and therefore leaves Plaintiff to his proof.

35. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 35 and therefore leaves Plaintiff to his proof.

## COUNT II

36. Defendant restates and incorporates by reference its responses to paragraphs 1 through 35 herein.

37. Defendant denies the allegations contained in paragraph 37.

38. Defendant denies the allegations contained in paragraph 38.

39. The allegations contained in paragraph 39 contain conclusions of law and require no answer. To the extent an answer is required, it is denied.

40. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 40 and therefore leaves Plaintiff to his proof.

41. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 41 and therefore leaves Plaintiff to his proof.

42. The allegations contained in paragraph 42 contain conclusions of law and require no answer. To the extent an answer is required, it is denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted and should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the applicable statutes of limitations, waiver, estoppel, laches and/or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

The Complaint must be dismissed due to the Plaintiff's failure to exhaust all required administrative procedures.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim of discrimination is barred and/or recovery of damages precluded because Plaintiff failed to take advantage of Defendant's preventative or correction opportunities or otherwise to avoid harm.

## FIFTH AFFIRMATIVE DEFENSE

The actions of the Defendant were justified by the facts and circumstances of this matter.

## SIXTH AFFIRMATIVE DEFENSE

The Defendant is without any legal responsibility in this matter.

## SEVENTH AFFIRMATIVE DEFENSE

Any damages to the Plaintiff were cause solely by his own actions and/or negligence.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint must be dismissed due to Plaintiff's failure to comply with all required statutory conditions precedent and subsequent.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, by his failure to mitigate his damages.

## TENTH AFFIRMATIVE DEFENSE

Every action taken by Defendant with respect to Plaintiff's employment was taken for a legitimate business purpose and was consistent with principles of law.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional affirmative defenses should it become aware of additional defenses during the course of this litigation.

WHEREFORE, Defendant respectfully requests that this Court:

(a) enter judgment for Defendant on all counts;

(b) award Defendant its costs and attorneys' fees, as appropriate; and

(c) grant such other relief as the Court deems just and proper.

> Respectfully submitted,
>
> GETRONICS WANG CO., LLC,
> a/k/a/ and d/b/a GETRONICS
> By its attorneys,
>
>
> /s/ Erik J. Winton
> Andrew C. Pickett, BBO # 549872
> Erik J. Winton, BBO #600743
> Jackson Lewis LLP
> 75 Park Plaza
> Boston, MA 92116
> (617) 367-0025

Dated: October 28, 2005

7