UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AALAELDIN KHIRAWI,<br>Plaintiff<br><br>v.<br><br>GETRONICS WANG CO., LLC,<br>a/k/a/ and d/b/a GETRONICS,<br>Defendant | CIVIL ACTION NO. 05-11877WGY |

## DECLARATION OF WAYNE OGG IN SUPPORT OF
## MOTION OF GETRONICS, INC. FOR SUMMARY JUDGMENT

I, Wayne Ogg, on oath, depose and say as follows:

1. My name is Wayne Ogg. I am a resident of the Commonwealth of Massachusetts and the State of Florida, over twenty-one (21) years of age, and give this affidavit of my own free will. I have personal knowledge of the information contained in this affidavit.

2. I am the Vice President of Human Resources for Getronics North America. I have been employed with Getronics since 1991, and I have held my current position since July 1999. As Vice President of Human Resources, my responsibilities include overseeing Human Resources functions, setting policies and procedures, and strategic planning. At times, I am also involved with employee discipline and terminations. In my position, I also have access to the personnel files for current and former employees of Getronics, including the personnel file of the Plaintiff, Aalaeldin Khirawi ("Plaintiff"). These personnel files include documents relating to employee discipline and employee leaves of absence.

3. Getronics is an Information and Communications Technology ("ICT") company with its North America headquarters in Billerica, Massachusetts. Getronics' business is divided among several different business lines.

4. Prior to his termination, Plaintiff was employed as a Quality Representative in the IT Sourcing Services Group. The IT Sourcing Services Group provides enterprise, networking and technical support services for client ICT systems.

5. Plaintiff, who is a black Muslim from Sudan, was first introduced to Getronics in May 1999, when he was assigned to work at Getronics through his employer, a temporary agency named Tech-Aid. Plaintiff was one of several Tech-Aid temporary employees working at Getronics at that time.

6. Plaintiff was hired by Getronics on August 29, 2000 as a full-time Customer Service Representative in its IT Sourcing Services Group, to work out of Getronics' Tewksbury, Massachusetts office.

7. Prior to being hired by Getronics as a full-time employee, Plaintiff made an internal complaint of religious discrimination. Specifically, on August 8, 2000, via a letter from the Council on American-Islamic Relations, Plaintiff alleged that the reason he had not been hired as a full-time employee earlier was because of his religion.

8. Getronics investigated Plaintiff's complaint and found that no discrimination had occurred. Specifically, Getronics investigation found that budgetary restrictions, not religion-based animus, were responsible for the length of time Plaintiff remained in temporary status. In addition, there were several other white, non-Muslim co-workers who remained in temporary status for an extended--indeed longer--period of time.

9. Throughout the course of Plaintiff's tenure as a temporary and full-time employee, Getronics did not question his ability to perform the technical aspects of his job(s).

10. In December 2003, Plaintiff made a request for tuition reimbursement to a Getronics Human Resources employee named Terence Freeman. Mr. Freeman denied the request, telling Plaintiff that the courses were not job-related and there were budgetary constraints at the time. The denial of this request was in accordance with Getronics' policy on tuition reimbursement, a policy that is uniformly and consistently enforced.

11. Plaintiff took an approved leave of absence from March 29, 2004 to April 26, 2004. Upon his return from this leave of absence on April 26, 2004, Plaintiff requested and received a further partial leave of absence, through May 17, 2004.

12. Plaintiff filed a charge of discrimination with the EEOC in June of 2004. After an attempt to mediate the discrimination claim failed, Getronics submitted a Position Statement to the EEOC on September 24, 2004.

13. On October 26, 2004, I made the final decision to terminate Plaintiff's employment. I decided to terminate Plaintiff's employment immediately, on the basis of his continued and flagrant inappropriate conduct. This decision was made after I received a report of Plaintiff's highly inappropriate behavior that day on a telephone call with Jamie Graceffa of Getronics' Human Resources Department. I concluded Plaintiff was so flagrant in his insubordination with Mr. Graceffa that I felt I had no choice but to terminate his employment immediately.

14. Mr. Graceffa and Ms. Miles were not involved in the decision to terminate Plaintiff's employment.

15. During the course of discovery of this matter, it was learned that Plaintiff lied on his Getronics' job application about his termination from a prior employer. Had Getronics not already terminated Plaintiff, it would have terminated his employment for his job application misrepresentation.

16. I believe Getronics has terminated other employees for lying on their job applications.

Signed under the pains and penalties of perjury this 12th day of March, 2007.

/s/ Wayne Ogg
Wayne Ogg