UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AALAELDIN KHIRAWI,<br>        Plaintiff,<br><br>v.<br><br>GETRONICS WANG CO., LLC<br>d/b/a GETRONICS<br>        Defendants. | Civil Action No. 05-11877 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE EXHIBITS ATTACHED BY THE PLAINTIFF TO HIS OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Getronics Wang Co., LLC, a/k/a and d/b/a Getronics ("Getronics" or the "Company"), submits this memorandum in support of its Motion to Strike Exhibits Attached by the Plaintiff to his Opposition to Defendant's Motion for Summary Judgment.

## INTRODUCTION

On or about March 15, 2007, Getronics served its Motion for Summary Judgment on Plaintiff. Plaintiff filed an opposition on or about April 5, 2007. Plaintiff attached 48 exhibits to his opposition. Defendant submits this memorandum in support of its Motion to Strike Exhibits 7 and 48 from the Summary Judgment Record. Neither document was properly authenticated. In addition, Exhibit 7 constitutes inadmissible double hearsay, and Exhibit 48 is a Department of Employment and Training ("DET") document that Plaintiff is precluded from submitting under G.L. c. 151A, § 46. Thus, the Court should strike both documents from the record, and should not consider the documents at summary judgment.

## ARGUMENT

I. **Plaintiff Failed To Properly Authenticate Exhibits 7 and 48 And Thus These Documents Should Not Be Considered By The Court.**

It is well established that "[t]o be admissible at the summary judgment stage, documents must be authenticated by and attached to an affidavit that meets the requirements of [Fed R. Civ. P. 56(e)]." Carmona v. Toledo, 215 F.3d 124, 131 (1st Cir. 2000) (internal quotations omitted); Robinson v. Bodoff, 355 F.Supp.2d 578, 582 (D.Mass. 2005). Rule 56(e) provides that affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). Thus, "[u]nless an exhibit is self-authenticating pursuant to Fed. R. Evid. 902, the usual practice is to authenticate it through the affidavit of a witness who would be qualified to authenticate the exhibit at trial." Robinson, 355 F.Supp.2d at 582.

Plaintiff attached 48 exhibits to its Opposition to the Defendant's Motion for Summary Judgment. Although Plaintiff submitted an affidavit as one of the 48 exhibits, the affidavit did not purport to authenticate any of the other exhibits. Rather, the only reference to the exhibits appears in Plaintiff's counsel's affidavit: "All exhibits attached to the Plaintiff's Opposition to Defendant's Motion for Summary Judgment are true copies of deposition transcripts, affidavits, and documents exchanged in discovery during the litigation of this case." (Cohen Aff. at ¶4). However, "[Plaintiff's] attorney is not a person through whom [Exhibit 7 and Exhibit 48] could be admitted into evidence." Kleenit, Inc. v. Sentry Ins. Co., 2007 U.S. Dist. LEXIS 23699 at *18 (March 30, 2007) (court refused to consider documents attached to affidavit of plaintiff's attorney during summary judgment because they were not properly authenticated).

2

Defendant recognizes the fact that the production of certain documents to Plaintiff from Defendant during discovery bears on the issue of the authenticity of those documents for purposes of summary judgment. Indeed, Defendant does not challenge the majority of the exhibits submitted by Plaintiff. However, Plaintiff was required to do more to attempt to authenticate the documents than merely rely on his attorney's statement that the documents were "exchanged in discovery." Plaintiff did not even attempt to identify the individual documents or their sources, or make any statements as to why the Plaintiff believes the individual documents are authentic. See Orr v. Bank of Am., 285 F.3d 764, 777 n.21 (9th Cir. 2002) (court held documents affixed to plaintiff's opposition to defendant's motion for summary judgment inadmissible because plaintiff's counsel did properly authenticate). The lack of authentication of Exhibits 7 and 48 is particularly problematic because these documents suffer from additional evidentiary infirmities, discussed below.

II. **Exhibit 7 Should Not Be Considered By The Court For The Additional Reason That It Constitutes Inadmissible Hearsay.**

Exhibit 7 should not be considered for summary judgment because, in addition to it not having been authenticated, it constitutes inadmissible hearsay. "Fed. R. Civ. P. 56(e) requires nonmovants to submit evidence that would be admissible at trial to oppose properly submitted motions for summary judgment." Federal Deposit Ins. Corp. v. Roldan Fonseca, 795 F.2d 1102, 1110 (1st Cir. 1986). Thus, "[e]vidence that is inadmissible at trial, such as inadmissible hearsay, may not be considered on summary judgment." Noviello v. City of Boston, 398 F.3d 76, 85 (1st Cir. 2005); Vazquez v. Lopez-Rosario, 134 F.3d 28, 33 (1st Cir. 1998).

Fed. R. Evid. 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." According to Plaintiff's counsel, Exhibit 7 consists of the notes of Joan

3

Anderson, a Getronics Human Resources representative, of her conversation with Plaintiff's supervisor, Ruby Miles. Plaintiff submits these notes for the purpose of proving that Ms. Miles was "very angry that [Plaintiff] had reported to Human Resources that [Ms. Miles] had told him the delay in his promotion was race based." (Opposition at 8). The use of Ms. Anderson's notes for this purpose constitutes double hearsay. Plaintiff is attempting to prove the truth of what Ms. Miles said to Ms. Anderson through the out-of-court statement of Ms. Anderson. See Weston-Smith v. Cooley Dickinson Hospital, 153 F.Supp.2d 62, 69 (D.Mass. 2001) (evidence of out-of-court statement made by an employee that a supervisor told the employee that plaintiff's maternity leave was a factor in plaintiff's dismissal excluded at summary judgment because it constituted double hearsay).

As discussed above, Plaintiff did nothing to attempt to authenticate this document. Nor did Plaintiff make any attempt to explain why this document is admissible despite the double hearsay problem. Moreover, although Ms. Miles was deposed by Plaintiff, these notes were not entered as an exhibit at the deposition, and Ms. Miles was not questioned about them. Plaintiff did not depose Ms. Anderson. Plaintiff had ample opportunity to engage in additional discovery regarding Exhibit 7, but failed to do so. Plaintiff has utterly failed to include any indication in the record as to what this document is or how it constitutes admissible evidence. Thus, the Court should not consider this document at summary judgment.

### III. Exhibit 48 Should Not Be Considered By The Court For The Additional Reason That It Is A Confidential Division Of Employment & Training Document.

Plaintiff is precluded from submitting Exhibit 48 as evidence in this proceeding under G.L. c. 151A, § 46, which provides that information relating to a DET proceeding and decision is "confidential, is for the exclusive use and information of the department and in the discharge of its duties, is not a public record, and *may not be used in any action or proceeding*, except in civil

4

or criminal cases brought pursuant to [G.L. c. 151A] where the department or Commonwealth is a necessary party." (emphasis added). See also Tuper v. North Adam Ambulance Service, Inc., 428 Mass. 132, 133 (1998) (Supreme Judicial Court concluded that language of G.L. c. 151A, § 46 is sufficiently clear and unambiguous, precluding any reference to the DET proceedings and decision by plaintiff in his civil action).

Exhibit 48 appears to be a letter to DET from TALX UCM Services, Inc. regarding Getronics' appeal of the DET's approval of Plaintiff's claim, and thus falls clearly within the scope of G.L. c. 151A, § 46. In addition to not having been properly authenticated, Exhibit 48 cannot be admitted pursuant to G.L. c. 151A, § 46. Thus, the Court should strike Exhibit 48, and it should not be considered at summary judgment.

## CONCLUSION

For all of the foregoing reasons, Getronics respectfully requests that the Court strike Plaintiff's Exhibits 7 and 48 to his Opposition to the Defendant's Motion for Summary Judgment, and any arguments in Plaintiff's Memorandum in Support of his Opposition to the Defendant's Motion for Summary Judgment based on such exhibits.

                                              Respectfully submitted,

                                              GETRONICS WANG CO., LLC,
                                              a/k/a/ and d/b/a GETRONICS
                                              By its attorneys,

                                              /s/ Erik J. Winton
                                              Andrew C. Pickett, BBO # 549872
                                              Erik J. Winton, BBO #600743
                                              Jackson Lewis LLP
                                              75 Park Plaza
                                              Boston, MA 02116
Dated: April 17, 2007                    (617) 367-0025

**CERTIFICATE OF SERVICE**

This hereby certifies that on this 17th day of April, 2007, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ Erik J. Winton
Jackson Lewis LLP