UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-11877-WGY

_____
                                        )
AALAELDIN KHIRAWI                       )
                                        )
        Plaintiff                       )
v.                                      )
                                        )
GETRONICS WANG CO., LLC                 )
                                        )
        Defendant                       )
_____)

## PLAINTIFF, AALAELDIN KHIRAWI'S OPPOSITION AND MEMORANDUM IN OPPOSITION TO THE DEFENDANT'S MOTION TO STRIKE EXHIBIT 7 ATTACHED TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COMES the Plaintiff, Aalaeldin Khirawi (hereinafter "Mr. Khirawi"), and respectfully opposes the defendant's Motion to Strike Exhibits Attached to Plaintiff's Opposition to Defendant's Motion for Summary Judgment as it relates to Exhibit 7. As grounds for his opposition, the plaintiff states as follows:

I.      **INTRODUCTION**

The defendant has filed a Motion for Summary Judgment. The plaintiff filed an opposition to the motion, and attached exhibits 1-48 to his opposition. Defendant now seeks to strike Exhibit 7 (the defendant's Human Resources notes of a January, 2004 investigation into the plaintiff's internal complaint of discrimination) and Exhibit 48 (Defendant's agent's letter relative to the reason for the plaintiff's termination). The Court should deny the defendant's motion to strike Exhibit 7 because that exhibit has been sufficiently authenticated, and is otherwise admissible pursuant to the Federal Rules of Evidence, including Rules 801 and 803.

## II.    <u>THE STANDARD</u>

Under Federal Rule of Civil Procedure 56(e), on summary judgment, the parties in their

supporting affidavits must authenticate the attached papers or exhibits supporting their position.

*See* <u>Hoffman v. Applicator Sales and Service, Inc., et al</u>, 439 F.3d. 9, 14 (1st. Cir. 2006); *and*

<u>Carmona v. Toledo</u>, 215 F.3d 124, 131 (1st Cir. 2000).  However, courts generally accept use of

documents produced in discovery as proper summary judgment material.  *See* <u>*Hoffman*</u>, 439

F.3d. at 15, *quoting*  <u>*11 James Wm. Moore et al., Moore's Federal Practice § 56.10 (Matthew*</u>

<u>*Bender 3d ed.)*</u>

## III.    <u>AUTHENTICITY OF EXHIBIT 7</u>

Getronics's argument that Exhibit 7 is not authentic is specious.  Exhibit 7 consists of

Getronics's own Human Resources department's notes relative to interviews and investigation

into Mr. Khirawi's December 2003 and January 2004 internal complaint of discrimination.  <u>In</u>

<u>fact, the defendant itself produced the notes to the plaintiff in its Rule 34 discovery responses,</u>

<u>certifying that they were notes prepared by Getronics's Human Resources department.</u>

Getronics's argument now that the notes are not what Getronics itself certified them to be is not

genuine.

In his Rule 34 request, the plaintiff sought:

> <u>Request No. 32</u>
>
> Any documents or things evidencing, indicating, reflecting or related
> in any way to any internal [sic] external, informal or formal complaints
> by the plaintiff of discrimination.

The defendant responded as follows:

> <u>Response No. 32</u>
>
> Defendant objects to this request on the grounds that it is overbroad,
> unduly burdensome, vague, ambiguous, and to the extent it seeks

privileged documents protected by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving these specific, as well as the general objections, <u>Defendant will produce Plaintiff's internal and external complaints of discrimination</u> **and its responses, email communications, notes and documents prepared by the Human Resources Department.** (emphasis added). (Ex. 1: Defendant's Responses to Plaintiff's Request for Production of Documents).

In conjunction with that response, the defendant produced the notes that are Exhibit 7 to the plaintiff's Opposition to Summary Judgment.

Rule 26(g) of the Federal Rules of Civil Procedure requires that discovery responses be signed by at least one attorney of record. The signature of the attorney constitutes a certification that, after a reasonable inquiry, the document signed is complete and correct. Violations of Rule 26(g) may result in sanctions. F.R.C.P. 26(g). Therefore, the Court should hold that, by defendant's counsel's signature on the defendant's Rule 34 response, the defendant has itself certified that the Human Resources notes relating to Mr. Khirawi's internal complaint of discrimination are sufficiently authenticated for consideration in the summary judgment record.

In <u>Hoffman v. Applicator Sales and Service, Inc., et al</u>, 439 F.3d. 9, 14-16 (1st. Cir. 2006), the 1st Circuit upheld the District Court's refusal to consider on summary judgment a chalk submitted by the plaintiff that purported to be a summary of documents produced by the defendant in discovery. The plaintiff in that case failed to submit the actual exhibits themselves. The Court held that the plaintiff's chalk was not properly authenticated and that the District Court should not have to consider materials outside the summary judgment record. Consequently, that Court upheld the District Court's decision excluding the materials, which the plaintiff merely referenced in the chalk. *Id.* at 16. This case is different from the <u>*Hoffman*</u> case. In this case, the plaintiff submitted Exhibit 7, Getronics's own notes, which Getronics produced

in its certified discovery responses. *Contra Id. at 14-15.* Therefore, the Court should hold that Exhibit has been sufficiently authenticated for the purpose of consideration on summary judgment.

This case is also different from *Carmona v. Toledo,* 215 F.3d. 124 (1st Cir. 2000), on which the defendant relies. In *Carmona,* the Court upheld a decision refusing to consider a police investigation file because the proponent of the documents at issue had not authenticated them. In *Carmona,* unlike in this case, the documents at issue were not produced in discovery by the opposing party. *Carmona,* 215 F.3d. at 132. In this case, Getronics produced the actual documents that it now argues are not authentic. The Court should hold that Exhibit 7 is properly authenticated because, unlike in *Carmona,* Getronics produced the documents it now claims are not authentic. *Contra Carmona,* 215 F.3d. at 132.

Additionally, the Court should hold that the defendant is judicially estopped from its motion to strike on the basis of lack of authenticity of a document which it produced in discovery and, under Rule 26(g), previously certified. Courts have precluded parties from taking inconsistent positions in a civil matter under the doctrine of judicial estoppel. *See Porter v. Metrowest Bank, et al,* 1998 U.S. App. LEXIS 28375, *quoting Patriot Cinemas, Inc. v. General Cinema Corp.,* 834 F.2d 208, 211-15 (1st Cir. 1987) (applying the doctrine of "judicial estoppel" or "preclusion of inconsistent positions" to party that repudiated its prior representation in state court that it would not prosecute a state antitrust count). In this case, the defendant has taken the wholly inconsistent position of producing its own human resources notes in discovery under a Rule 26(g) certification, then contending that those documents are not authentic. The Court should prohibit the defendant from pursuing an inconsistent position in such a manner under the doctrine of judicial estoppel. *See Id.*

4

Finally, the Court's decision on the materials properly included at the summary judgment stage is discretionary.  *Hoffman*, 439 F.3d. at 14.  In this case, the defendant's argument advocates form over substance.  In the event that the defendant continues to argue that its own Human Resources notes which it produced in discovery are not authentic at trial, the plaintiff will simply subpoena Getronics's Human Resources department keeper of records and/or Joan Anderson, the author of the notes.  Therefore, the Court should consider Exhibit 7 at the summary judgment stage because it has been sufficiently authenticated and because the plaintiff will be easily able to authenticate them at trial.

## IV.    **EXHIBIT 7 AND THE HEARSAY RULES**

The defendant next argues that Getronics Human Resources notes (Exhibit 7) are inadmissible double hearsay.  Rule 803 spells out the exceptions to the hearsay exclusionary rule.  803(6) provides that records kept in the ordinary course of business are excepted from the hearsay rule.  Exhibit 7 is a copy of the notes that Getronics's Human Resources department maintained of its investigation into Mr. Khirawi's complaint of discrimination.  As such, the notes were compiled and maintained in the ordinary course of Getronics's human resources activities.  Such documents are therefore excluded from the hearsay rule under Rule 803(6).

The defendant also argues that the Exhibit 7's record of Ruby Miles's statement that she was very angry as a result of Mr. Khirawi's report of her June 2003 comment that the delay in his promotion was race based is also hearsay.  However, Ms. Miles is Getronics' own manager.  Rule 801(d)(2)(D) provides that statements of a party's agent concerning a matter within the scope of the agency or employment is not hearsay.  Therefore, Ms. Miles's statement that she was very angry at Mr. Khirawi's report is an admission of a party-opponent pursuant to Rule 801(d)(2) and is not hearsay.  Consequently, the Court should hold that Exhibit 7 is admissible

and may be considered on summary judgment because Ms. Miles's statement is not hearsay, and the record itself is excepted from the hearsay rule under Rule 803(6).

**V.**    <u>**EXHIBIT 48**</u>

The plaintiff concedes that M.G. L. Chapter 151A, § 46 likely precludes consideration of Exhibit 48, Getronics's agent's letter to the Massachusetts Department of Employment and Training regarding the reason for the plaintiff's termination.  The plaintiff therefore withdraws Exhibit 48 from consideration in the summary judgment record.

The plaintiff reserves the right to use and/or to seek admission into evidence of the letter that is Exhibit 48 at trial for impeachment or other appropriate purposes.

**IV.**    <u>**CONCLUSION**</u>

WHEREFORE, for the reasons described above, the plaintiff respectfully seeks that the Court DENY the defendant's motion to strike Exhibit 7 because 1) Exhibit 7 has been sufficiently authenticated for summary judgment; 2) the defendant should be judicially estopped from contending that Exhibit 7 is not authentic; and 3) Exhibit 7 is otherwise admissible, including under Rules 801 and 803 of the Federal Rules of Evidence.  The plaintiff also files the affidavit of Attorney Sol J. Cohen in further support of this opposition.

Respectfully submitted,
For the plaintiff,


/s/      Sol J. Cohen
Sol J. Cohen
BBO # 630776
COHEN & SALES
43 Thorndike Street
Cambridge, MA 02141
(617) 621-1151

**CERTIFICATE OF SERVICE**

I, Sol J. Cohen, attorney for the plaintiff, Aalaeldin Khirawi hereby certify that on this 30th day of April, 2007, I served this document electronically to counsel of record on this matter.


/s/      Sol J. Cohen_____
Sol J. Cohen

# EXHIBIT 1

**(to the Plaintiff's Opposition to the Defendant's Motion to Strike Exhibits)**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AALAELDIN KHIRAWI,
Plaintiff

v.

GETRONICS WANG CO., LLC,
a/k/a/ and d/b/a GETRONICS,
Defendant

CIVIL ACTION NO. 05-11877REK

### DEFENDANT GETRONICS WANG CO., LLC D/B/A GETRONICS' RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, Getronics Wang Co., LLC d/b/a Getronics ("Getronics" or "Defendant"), responds to Plaintiff's Request for Production of Documents as follows:

### GENERAL OBJECTIONS

1.    Defendant objects to the requests, including the instructions and definitions, to the extent as they attempt to impose a duty of response on Defendant beyond that contained in the Federal Rules of Civil Procedure.  Defendant states that it will comply with its obligations under these rules.

2.    Defendant is providing this response and will produce documents pursuant thereto without waiver of or prejudice to its right, at any later time, to raise objections to (a) any further demand for discovery involving or relating to the matters raised in the Requests, or (b) the relevance, materiality or admissibility of (i) the Request or any part thereof, (ii) statements made in this response to the Requests or any part thereof, or (iii) any documents produced in accordance with this response.

3.    Defendant objects to the requests to the extent they seek information that is protected from discovery by the attorney-client privilege, and/or the work product doctrine, or

any other applicable privileges.  In the event any privileged document is produced by Defendant, its production is inadvertent and does not constitute a waiver of any privilege.

4.      Defendant objects to the requests to the extent that they seek documents that are nor reasonably calculated to lead to the discovery of admissible evidence.

5.      Defendant will provide within a reasonable time copies of the documents requested, to the extent it has not done so already.

6.      As used herein, "unduly burdensome" means the request requires searching for documents with little value or benefit to the parties herein, such that the value of producing the documents is far outweighed by the burden of producing them.  This is especially true where the Plaintiff can or already has obtained the documents from other sources.

7.      As used herein, "overbroad" means the request, at least in part, seeks documents which are neither relevant to the issues raised in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

8.      Defendant objects to the requests to the extent they seek documents containing confidential business information or confidential personnel information - such as names, home addresses, salary information, etc. of individuals not parties to this lawsuit.  Such documents should only be produced, if at all, subject to an appropriate confidentiality order or stipulation.

9.      Each request is answered subject to the general objections set forth herein.  These general objections form a part of each individual response and are set forth in this manner to avoid the duplication of restating them.   Any failure to specifically incorporate a general objection in a specific response below is not a waiver of the general objection.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST NO. 1

The plaintiff's personnel file.

**RESPONSE NO. 1**

Defendant will produce a copy of Plaintiff's personnel file.

**REQUEST NO. 2**

Any employee manuals or handbooks in effect during the plaintiff's employment with the defendant.

**RESPONSE NO. 2**

Defendant objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and to the extent it seeks the production of documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific, as well as the general objections, and subject to a mutually agreeable Stipulation of Confidentiality or protective order, Defendant will produce employee manuals and handbooks in effect during the Plaintiff's employment with the Defendant that it is able to locate.

**REQUEST NO. 3**

Any of defendant's policies relative to discrimination in effect during the plaintiff's employment.

**RESPONSE NO. 3**

Defendant objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and to the extent it seeks the production of documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific, as well as the general objections, and subject to a mutually agreeable Stipulation of Confidentiality or protective order, Defendant will produce its policies relative to discrimination in effect during the Plaintiff's employment that it is able to locate.

**REQUEST NO. 4**

Any documents that the defendant posted for the benefit of its employees that relate in any way to discrimination.

**RESPONSE NO. 4**

Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and to the extent it seeks the production of documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific, as well as the general objections, and subject to a mutually agreeable Stipulation of Confidentiality or protective order, Defendant will produce documents posted during Plaintiff's employment for the benefit of its employees that relate in any way to discrimination and that it is able to locate.

**REQUEST NO. 5**

Any of defendant's policies relative to workplace discrimination in effect during the plaintiff's employment.

**RESPONSE NO. 5**

Defendant objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and to the extent it seeks the production of documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific, as well as the general objections, and subject to a mutually agreeable Stipulation of Confidentiality or protective order, Defendant will produce its policies relative to discrimination in effect during the Plaintiff's employment that it is able to locate.

**REQUEST NO. 6**

Any documents that the defendant posted for the benefit of its employees that relate in any way to workplace discrimination.

**RESPONSE NO. 6**

Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and to the extent it seeks the production of documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without

waiving these specific, as well as the general objections, and subject to a mutually agreeable Stipulation of Confidentiality or protective order, Defendant will produce documents posted during Plaintiff's employment for the benefit of its employees that relate in any way to discrimination and that it is able to locate.

**REQUEST NO. 7**

Any and all documents related in any way to the termination of the plaintiff's employment, if not contained within the plaintiff's personnel file.

**RESPONSE NO. 7**

Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, to the extent it seeks the production of documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks privileged documents protected by the attorney-client privilege and/or the work-product doctrine. Subject to and without waiving these specific, as well as the general objections, Defendant will produce email communications and documents prepared by the Human Resources Department.

**REQUEST NO. 8**

Any and all documents evidencing the termination of any employee (including but not limited to the plaintiff) of the defendant who worked for the defendant during the period between 2000 through the present.

**RESPONSE NO. 8**

Defendant objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, to the extent it seeks the production of documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it is interposed to embarrass, harass and annoy. Subject to and without waiving these specific, as well as the general objections, Defendant will produce documents relative to the termination of the employment of the Plaintiff.

## REQUEST NO. 9

Any and all documents relative to any state or federal lawsuits and/or administrative agency complaints or charges filed by any current or former employees of Defendant against Defendant at any time between 2000 through the present, including but not limited to pleadings and correspondence.

## RESPONSE NO. 9

Defendant objects to this request on the grounds that it is vague, ambiguous, overbroad,

unduly burdensome, to the extent it seeks the production of documents neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence, and to the extent it is

interposed to embarrass, harass and annoy.

## REQUEST NO. 10

Any correspondence or memorializations of communications between the parties at any time, including but not limited to memoranda, notes, electronic mail, computer files or documents, journals, etc.

## RESPONSE NO. 10

Defendant objects to this request on the grounds that it is overbroad, unduly burdensome,

and to the extent it seeks the production of documents neither relevant nor reasonably calculated

to lead to the discovery of admissible evidence.  Subject to and without waiving these specific, as

well as the general objections, Defendant will produce notes, letters, email communications, and

documents prepared by the Human Resources Department.

## REQUEST NO. 11

Any and all correspondence or memorializations of communications (including but not limited to memoranda, notes, electronic mail, computer files or documents, journals, etc.) between any agents or employees of the defendant and any medical provider of the plaintiff at any time.

## RESPONSE NO. 11

Defendant objects to this request on the grounds that it is overbroad, unduly burdensome,

vague, ambiguous, and to the extent it seeks the production of documents neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific, as well as the general objections, Defendant will produce responsive documents that it is able to locate.

## REQUEST NO. 12

Any and all documents relative to the plaintiff's ability or inability to perform the functions of any position he held with the defendant at any time, including but not limited to correspondence, memoranda, notes, electronic mail, journals, computer files or documents, memorializations of any kind of conversations or meetings, etc.

## RESPONSE NO. 12

Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, to the extent it seeks the production of documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks privileged documents protected by the attorney-client privilege and/or the work-product doctrine. Subject to and without waiving these specific, as well as the general objections, Defendant will produce Plaintiff's personnel file, notes, email communications and documents prepared by the Human Resources Department.

## REQUEST NO. 13

Any and all documents related in any way to any claims made by the plaintiff, for public benefits, including but not limited to unemployment insurance benefits.

## RESPONSE NO. 13

Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, to the extent it seeks the production of documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks privileged documents protected by the attorney-client privilege and/or the work-product doctrine. Subject to and without waiving these specific, as well as the general objections, Defendant will produce documents concerning the Plaintiff's claim for unemployment insurance benefits.

**REQUEST NO. 14**

Copies of each and every insurance policy that may provide full or partial coverage for any and all of Plaintiff's claims.

**RESPONSE NO. 14**

Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and to the extent it seeks the production of documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific, as well as the general objections, and subject to a mutually agreeable Stipulation of Confidentiality and protective order, Defendant will produce copies of insurance policies that may provide full or partial coverage for Plaintiff's claims in this lawsuit.

**REQUEST NO. 15**

Any and all documents or things memorializing descriptions of Plaintiff's job duties and responsibilities at any time during his employment with Defendant.

**RESPONSE NO. 15**

Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, to the extent it seeks the production of documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks privileged documents protected by the attorney-client privilege and/or the work-product doctrine. Subject to and without waiving these specific, as well as the general objections, Defendant will produce Plaintiff's job description, email communications and Plaintiff's personnel file.

**REQUEST NO. 16**

Any and all documents, including computer records or files and all data stored in any computer format, relative to Plaintiff's fringe benefits through his employment with Defendant, including documents indicating the dollar value of such benefits.

**RESPONSE NO. 16**

Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and to the extent it seeks the production of documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific, as well as the general objections, and subject to a mutually agreeable Stipulation of Confidentiality and protective order, Defendant will produce non-privileged responsive documents that it is able to locate.

**REQUEST NO. 17**

Any and all documents evidencing, indicating or showing in any way the amount(s) of the plaintiff's wages or salaries, bonuses, or other compensation during his employment with Defendant.

**RESPONSE NO. 17**

Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and to the extent it seeks the production of documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific, as well as the general objections, Defendant will produce Plaintiff's personnel file, W-2 and other payroll documents.

**REQUEST NO. 18**

Any and all documents filed with, sent to and/or received from the Massachusetts Commission Against Discrimination and/or Equal Employment Opportunity Commission relative to any charge of discrimination or retaliation filed by the plaintiff.

**RESPONSE NO. 18**

Defendant will produce responsive documents regarding Plaintiff's claims filed against Defendant.

9

**REQUEST NO. 19**

Any and all documents filed with, sent to and/or received from the Massachusetts Commission Against Discrimination and/or Equal Employment Opportunity Commission relative to any of Defendant's former or current employees at any time.

**RESPONSE NO. 19**

Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, to the extent it seeks the production of documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it is interposed to embarrass, harass and annoy.

**REQUEST NO. 20**

Defendant's federal income tax returns for the past three years.

**RESPONSE NO. 20**

Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, to the extent it seeks the production of documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it is interposed to embarrass, harass and annoy.

**REQUEST NO. 21**

Defendant's annual financial reports and statements for the past three years.

**RESPONSE NO. 21**

Defendant objects to this request on the grounds that it is overbroad, to the extent it seeks the production of documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it is interposed to embarrass, harass and annoy. Subject to and without waiving these specific, as well as the general objections, Defendant will produce its annual reports for the years in question.

10

**REQUEST NO. 22**

Any and all statements made by Plaintiff relative to his complaint of discrimination recorded or transcribed by any means.

**RESPONSE NO. 22**

Defendant will produce email communications.

**REQUEST NO. 23**

Any and all reports or written opinions, curriculum vitae and resumes of any individuals retained by any defendant in this action as expert witnesses relative to any issue in this matter.

**RESPONSE NO. 23**

Defendant objects to this request to the extent it seeks the discovery of documents outside the parameters of the applicable rules. Subject to and without waiving these specific, as well as the general objections, Defendant has not yet determined if it will retain an expert in this matter. Defendant will supplement this response in a timely fashion in accordance with the applicable rules.

**REQUEST NO. 24**

Any and all documents or things that you intend to use in any way at the trial of this matter.

**RESPONSE NO. 24**

Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, to the extent it seeks the production of documents or things neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks privileged documents or things protected by the attorney-client privilege and/or the work-product doctrine. Subject to and without waiving these specific, as well as the general objections, Defendant has not yet determined what documents or things it might use in any way at the trial of this matter.

11

**REQUEST NO. 25**

Defendant's EEO-1 report for the years 2002 through the present.

**RESPONSE NO. 25**

Defendant objects to this request on the grounds that it is overbroad, unduly burdensome,

and to the extent it seeks the production of documents neither relevant nor reasonably calculated

to lead to the discovery of admissible evidence.  Subject to and without waiving these specific, as

well as the general objections, Defendant will produce responsive documents.

**REQUEST NO. 26**

Any and all documents and things that you intend to introduce as exhibits at the trial of
this matter.

**RESPONSE NO. 26**

Defendant objects to this request on the grounds that it seeks the mental impressions and

work product of counsel.  Subject to and without waiving these specific, as well as the general

objections, Defendant has not yet determined what documents or things it might use at the trial

of this matter.  Further responding, Defendant directs Plaintiff to the documents produced by

Defendant in response to Plaintiff's First Request for Production of Documents.

**REQUEST NO. 27**

Any company profiles, flyers, pamphlets or other documents describing in detail the
nature of the defendant's business.

**RESPONSE NO. 27**

Defendant objects to this request on the grounds that it is overbroad, unduly burdensome,

vague, ambiguous, to the extent it seeks the production of documents neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks

privileged documents protected by the attorney-client privilege and/or work-product doctrine.

Subject to and without waiving these specific, as well as the general objections, Defendant

directs Plaintiff to its website – www.Getronics.com

## REQUEST NO. 28

Any documents or things related in any way to the end or termination of the plaintiff's
employment with the defendant, if not contained with the plaintiff's personnel file.

## RESPONSE NO. 28

Defendant objects to this request on the grounds that it is overbroad, unduly burdensome,

vague, ambiguous, to the extent it seeks the production of documents neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks

privileged documents protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving these specific, as well as the general objections, Defendant will

produce email communications and documents prepared by the Human Resources Department.

## REQUEST NO. 29

Any documents or things evidencing or indicating any deficiencies in the plaintiff's work
performance at any time during the plaintiff's employment with the defendant, if not contained
within the plaintiff's personnel file.

## RESPONSE NO. 29

Defendant will produce non-privileged responsive documents that it is able to locate.

## REQUEST NO. 30

If the defendant claims that it had less than 20 employees in any calendar year during the
plaintiff's employment with the defendant, any and all documents indicating, relating to or
evidencing in any way the number of the defendant's employees during the period of the
plaintiff's employment with the defendant.

## RESPONSE NO. 30

Not applicable.

## REQUEST NO. 31

Any documents or things evidencing, indicating or reflecting any and all complaints or
reports discrimination or unfair treatment, formal or informal, internal or external, against the

13

defendant or any of its employees, managers or corporate officers, by current or former employees at any time from 2000 to the present.

## RESPONSE NO. 31

Defendant objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, to the extent it seeks the production of documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it is interposed to embarrass, harass and annoy.

## REQUEST NO. 32

Any documents or things evidencing, indicating, reflecting or relate in any way to any internal [sic] external, informal or formal complaints by the plaintiff of discrimination.

## RESPONSE NO. 32

Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and to the extent it seeks privileged documents protected by the attorney-client privilege and/or the work-product doctrine. Subject to and without waiving these specific, as well as the general objections, Defendant will produce Plaintiff's internal and external complaints of discrimination and its responses, email communications, notes and documents prepared by the Human Resources Department.

## REQUEST NO. 33

Any documents or things evidencing, indicating, reflecting or related in any way to the defendant's response(s) to any complaints by the plaintiff of discrimination.

## RESPONSE NO. 33

Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and to the extent it seeks privileged documents protected by the attorney-client privilege and/or the work-product doctrine. Subject to and without waiving these specific, as well as the general objections, Defendant will produce Plaintiff's internal and external

complaints of discrimination and its responses, email communications, notes and documents prepared by the Human Resources Department.

## REQUEST NO. 34

Any and all documents or things evidencing, or related in any way to any evaluations of the plaintiff's work performance conducted by the defendant.

## RESPONSE NO. 34

Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and to the extent it seeks the production of documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific, as well as the general objections, Defendant will produce Plaintiff's personnel file, email communications, notes and documents prepared by his manager and the Human Resources Department.

## REQUEST NO. 35

Any and all documents and things listed on the defendant's automatic disclosures pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts.

## RESPONSE NO. 35

Defendant will produce responsive documents.

## REQUEST NO. 36

Any and all documents and things that relate in any way to the claims and defenses in this action.

## RESPONSE NO. 36

Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, to the extent it seeks the production of documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks privileged documents protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving these specific, as well as the general objections, Defendant directs Plaintiff to the documents produced in Defendant's response to Plaintiff's First Request for Production of Documents.

## REQUEST NO. 37

Any and all documents and things that set forth or identify the individuals in control of the defendant's labor relations.

## RESPONSE NO. 37

Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, to the extent it seeks the production of documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks privileged documents protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these specific, as well as the general objections, Defendant will produce an organizational chart.

16

**REQUEST NO. 38**

Any and all documents and things identified in response to Plaintiff's Interrogatories to Defendant Getronics Wang Company, LLC d/b/a Getronics.

**RESPONSE NO. 38**

Defendant will produce responsive documents.

Respectfully submitted,

GETRONICS WANG CO., LLC,
a/k/a/ and d/b/a GETRONICS
By its attorneys,

Andrew C. Pickett, BBO # 549872
Erik J. Winton, BBO #600743
Jackson Lewis LLP
75 Park Plaza
Boston, MA 92116
(617) 367-0025

Dated:  February 9, 2006

**CERTIFICATE OF SERVICE**

This hereby certifies that on this 9th day of February, 2006, a copy of the foregoing documents was served upon Plaintiff's attorney, Sol J. Cohen, Esq., Cohen & Sales, 43 Thorndike Street, Cambridge, MA 02141, via first-class mail, postage prepaid.

Jackson Lewis LLP